### JOHN A. KNOWLES vs. PATRICK BYRNES.

Where a suit is brought against the maker of a note which has been indorsed to a firm, and the plaintiff describes himself as surviving partner of the firm, it is not necessary, (since the establishment of the rules of the court, at March term 1836,) that the declaration should aver either a demand of payment and a refusal; or the name or death of the other member of the firm; or that the defendant did not pay the note to the firm, while it continued, nor to the plaintiff, after the firm was dissolved.

THE defendant was summoned, on a writ dated December 24th 1841, to answer to the plaintiff, as " surviving partner of the late firm of Knowles & Locke, in a plea of the case ; for that the said defendant, on the seventh day of February in the year one thousand eight hundred and thirty eight, by his note in writing, for value received promised one Stephen Castles to pay to him, or his order, the sum of twenty four dollars and fifty cents, on demand with interest ; and the said Castles then indorsed the said note to the said firm ; of which the said defendant then had notice, and in consideration thereof then promised the said firm to pay them the amount of the said note, according to the tenor thereof; yet he has not paid the same." Demurrer and joinder.

*B. F. Butler*, in support of the demurrer, cited *Bullock* v. *Jackson*, 1 Esp. Dig. 137, [260.] *Elstob* v. *Thorowgood*, 1 Ld. Raym. 284. Lawes Pl. in Assump. 263. 1 Saund. Pl. & Ev. 134. *Jell* v. *Douglas*, 4 Barn. & Ald. 374. 2 Chit. Pl. (6th Amer. ed.) 91, 92.

*Beard*, for the plaintiff.

SHAW, C. J. If this case were governed by the old rules of pleading, we should be inclined to the opinion, that this declaration would be bad on demurrer. No doubt it would be so, on special demurrer ; but this is not a special demurrer, and it will be recollected that all special demurrers are abolished by *St.* 1836, *c.* 273, § 3. On general demurrer, several grounds are taken to the sufficiency of the declaration ; amongst which, the principal are, that it does not allege who was the plaintiff's deceased partner, nor that such partner had deceased, nor that tho amount of the note had not been paid to the deceased partner, in his lifetime, nor that the note had become due. Upon the common law rules of pleading, and the authorities cited, these would certainly be formidable objections. But the general course of modern decisions and rules of practice has been tending, more and more, to overlook technical rules and matters of form, and regard rather the substance of all pleadings, construed and understood in the same manner in which they would be usually understood ; and by the Rev. Sts. *c.* 81, § 10, the supreme judicial court are authorized and enjoined from time to time to make rules for regulating the practice and conducting the business of said court, with a view to the attainment, amongst others, of the following improvements, viz., the simplifying and shortening of the pleadings and other proceedings, and the diminishing of costs.

Pursuant to this authority, the court passed a series of rules, at March term 1836, in Suffolk, which continued till late in the summer of that year. See 24 Pick. 398, *& seq.* By rule 47th it is provided that all allegations usually inserted in declarations, which are not material or traversable, and which the plaintiff would not be required to prove, may be omitted. Rule 66th provides, that all unnecessary and useless counts, and all unnecessary and useless averments or clauses in a declaration, may on motion be struck out, and that the plaintiff shall pay the cost of copies and all other costs occasioned thereby, whether stricken out or not.

Appended to these rules is a schedule of forms, given by way of illustration of the rules, understood to have been drawn up by

an eminent jurist, to whom the public are largely indebted for the revised statutes — himself formerly a distinguished pleader. The declaration, in the present case, conforms very much to one of the precedents there given, that of a declaration by indorsee against maker, and entirely so in spirit and principle. 24 Pick. 403. It does not allege in terms, that the plaintiff was in partnership with Mr. Locke, and that he has deceased , but it does allege that the note was made payable to the late firm of Knowles & Locke, of which the plaintiff is survivor, which is the same in substance, and by necessary implication. So it does not aver, that the note was not paid to Mr. Locke in his life time, but it avers that the defendant has not paid the note ; and the general proposition embraces the particular. So it does not aver that the note had become due, but that results from its date and time of payment, compared with the date of the writ. It does not allege a demand and refusal, but these averments would not be traversable, and therefore, by the rule, need not be made

*Demurrer overruled.*